WENTWORTH, Judge.
Claimant seeks review of a workers’ compensation order which, based on a 1977 accident, limits his claim for permanent partial disability to the schedule set forth in § 440.15(3)(b), Florida Statutes. We affirm.
Claimant contends that the deputy commissioner erred in finding that claimant sustained a scheduled disability rather than a disability to the body as a whole, as follows:
According to Dr. McArthur, the Claimant reached maximum medical improvement on June 13, 1979, and has a 30% permanent partial impairment to his right lower extremity. . . . The impairment rating given by Dr. McArthur did not take into consideration any impairment caused by his chronic phlebitis. . . . Dr. Syfrett treated the Claimant in conjunction with Dr. McArthur for his thrombo-phlebi-tis... . After consulting the American Medical Association’s Guides to the Evaluation of Permanent Impairment, Dr. Sy-frett thought his impairment was 25% of the whole man. While the problem is confined to the veins in the Claimant’s leg at the present, there is always a chance in such cases that a clot will break loose and cause a pulmonary embolization. The Employer in this case has agreed to pay thé Claimant permanent partial disability equal to 30% of his lower right extremity. F.S. 440.15(3)(b). The Claimant seeks benefits under 440.-15(3)(u) on the theory that his thrombo-phlebitis is a disease of his circulatory system and, by definition affects his entire body.... [Tjhere is no evidence supporting his contention that the effects of his injury extend beyond his leg. Throm-bo-phlebitis confined to the Claimant’s leg is a scheduled injury in Florida. Wholesale Tours International v. Courtney, I.R.C. Order 2-3126 (1977) and Gray Drugstores, Inc. v. Herring, 9 F.C.R. 85 (1975). If the Claimant’s thrombo-phlebi-tis does affect other parts of his body in the future, his remedy is to seek modification under F.S. 440.28.... [T]he claim for permanent partial disability based on the loss of wage earning capacity is denied because compensation for his disability is limited to 30% of his lower right extremity which has been, or is being, timely paid by the Employer in accordance with F.S. 440.15(3)(b).
We find no error in the deputy’s view of the evidence showing impairment confined to claimant’s leg. Nor was he compelled as a matter of law to accept the medical testimony rating vascular disease, affecting only claimant’s leg, as a total body impairment under American Medical Association Guides standards. Cf., § 440.15(3)(a).
Claimant further argues that the deputy commissioner erred in failing to ele *810 vate the degree of scheduled impairment above the medical rating for orthopedic purposes, inasmuch as claimant suffers from both an orthopedic, injury and throm-bophlebitis. The record indicates that issue was not before the deputy commissioner for consideration since claimant sought only compensation for earning capacity loss or disability of the body as a whole. Our affirmance is of course without prejudice to a claim other than that determined by the order appealed.
BOOTH and SHAW, JJ., concur.